UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cr-16-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MARK NICHOLAS PYATT,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 50). The Government opposes Defendant's motion. (Doc. No. 52).

### I. Background

In July 2020, Defendant plead guilty to wire fraud in violation of 18 U.S.C. § 1343. (Doc. Nos. 3, 20, 21). This Court sentenced Defendant to 37 months' imprisonment followed by three years of supervised release. (Doc. No. 42). The Court further ordered Defendant to pay a special assessment of $100.00 and restitution in the amount of $274,506.00. (Doc. Nos. 27, 39).

Having completed his term of imprisonment, Defendant now moves for early termination of supervised release. In support of his motion, Defendant notes that he has complied with his supervision requirements, is gainfully employed, and has made restitution payments as required. (Doc. No. 50 at 2). Defendant desires early termination so that he can more easily (i.e., without contacting the probation office) travel for work and visit family outside the Northern District of Indiana. (Id. at 1).

### II. Discussion

The Court may "terminate a term of supervised release and discharge the defendant

released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

     The Government contends—and the Court agrees—that Defendant fails to allege circumstances sufficient justifying early termination of supervised release. See (Doc. No. 52 at 2-3). The Court lauds Defendant for his steady employment and compliance with the terms of his supervised release. But full compliance does not justify early termination. Folks, 733 F. Supp. 2d at 652. Defendant has failed to allege any circumstances showing that the terms of his remaining year of supervision are too harsh or inappropriately tailored to serve punishment goals. Id. at 651. The requirement that Defendant receive permission from the probation office before

traveling outside the district is not especially onerous or unusual. Thus, Defendant's motion for early termination of supervised release will be denied.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 50), is **DENIED**.

Signed: June 13, 2024

Max O. Cogburn Jr.
United States District Judge